144

The judgments of sentence are reversed and the case is remanded for a new trial.

346 A.2d 63

COUNTY OF ALLEGHENY, a Political Subdivision of the Commonwealth of Pennsylvania

v.

John V. CAPOZZI and Margaret A. Capozzi, Appellants.

Supreme Court of Pennsylvania.

Argued Sept. 23, 1975.

Decided Oct. 30, 1975.

plicable to prosecuting attorneys for the states, and is worth repeating here:

"The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor—indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.

"It is fair to say that the average jury, in a greater or less degree, has confidence that these obligations, which so plainly rest upon the prosecuting attorney, will be faithfully observed. Consequently, improper suggestions, insinuations, and, especially, assertions of personal knowledge are apt to carry much weight against the accused when they should properly carry none."

Compare EC 7–13 of the Code of Professional Responsibility: "The responsibility of a public prosecutor differs from that of the usual advocate; his duty is to seek justice, not merely to convict. . . ." 438 Pa. lxxxviii.

Allen N. Brunwasser, Pittsburgh, for appellants.

Stephen A. Zappala, Wayne D. Gerhold, Frank P. Tuplin, Pittsburgh, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

PER CURIAM.

Decree vacated. Case remanded for immediate hearing. Motions to quash denied. Each party to bear own costs.

346 A.2d 63

**COMMONWEALTH of Pennsylvania**

v.

**William CHRISTMAN, Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 22, 1975.

Decided Oct. 30, 1975.

William Christman, in pro per. Ralph J. Cappy, John J. Dean, Pittsburgh, for appellant.

John J. Hickton, Dist. Atty., Charles W. Johns, Robert L. Eberhardt, Asst. Dist. Attys., Pittsburgh, John M. Tighe, First Asst. Dist. Atty., Pittsburgh, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.